# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:15cr1 |
| | ) | **Electronic Filing** |
| **WILLIAM CONDON, JR.** | ) | |

## MEMORANDUM ORDER

AND NOW, this day of September, 2015, upon consideration of the Motion to Revoke or Amend Detention Order, which the court has construed as an appeal of the order of detention entered on February 10, 2015, and the government's response thereto, and after a comprehensive review of the record, including the transcript from the detention hearing before Magistrate Judge Susan Paradise Baxter on February 10, 2015, the Court finds:

1. There is probable cause to believe that defendant has violated 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(vii) and 846, and if a judgment order of conviction is entered, is facing a mandatory minimum sentence of five years (5) of imprisonment and a maximum sentence of forty years (40);

2. Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure . . . . the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., . . . *See* 18 U.S.C. § 3142(e)(1), (3)(A). The rebuttable presumption set forth in § 3142(e) applies in this instance;

3. If the defendant comes forward with some credible evidence to rebut the presumption, it does not disappear from the case. Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors identified in 18 U.S.C. § 3142(g). United States v. Chargra, et al., 850 F. Supp. 354, 358 (W.D. Pa. 1994) (citing United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)).

4. It is appropriate to consider the congressional findings that were made when the Bail Reform Act of 1984 was passed, which include the following:

    It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing

dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

Id. (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3203).

5. The breadth of the drug conspiracy charged and defendant's alleged role in the charged offense(s) also properly may be considered in assessing the likelihood of whether the defendant will fail to appear or poses a danger to the community. Id.

6. Thus, violence is not the only danger to the community this Court must consider. The Court must also consider, whether, if released, defendant is likely to traffic in illicit controlled substances.

7. Magistrate Judge Baxter found:

    1) Defendant received multiple packages of marijuana through the mail from a supplier in California and Defendant's residence had large amounts of marijuana at the time of his arrest; 2) Defendant wired substantial payments to the supplier in California for the inventory; 3) Defendant is an associate with co-conspirators involved in a larger drug operation; 3) Threats have been made to confidential witnesses for their participation in this investigation; 4) Automobiles or portions thereof that were the subject of search warrants in this case were found in the garage of the proffered employer-- an automotive repair establishment for which Defendant last worked one year ago; and 5) Defendant's family (fiancé and children) did not live with him prior to his arrest, but resided in Ohio.

    The government reiterates each of these points in its brief in opposition.

8. While this court's review is *de novo*, a magistrate judge's decision and reasoning is to be given careful consideration where, as here, a transcript of the detention hearing has been filed into the record. United States v. Farris, 2008 WL 1944131 at *7 (W.D. Pa. May 1, 2008). Magistrate Judge Baxter's findings and reasoning are well supported by the record;

9. Defendant has presented little credible evidence that would allow this Court to find that he has met the burden necessary to rebut the statutory presumption of detention. The evidence from the hearing indicates that defendant played a significant role in a major drug distribution network. There is evidence that the network distributed over $1.5 million in wholesale value of a controlled substance in a four month period. There is substantially probative evidence indicating defendant used the residence where he intends to reside upon his release to conduct operations of and for the network. There also is evidence that defendant's fiancé and children were not residing at the residence and had moved to Ohio at least a few months prior to his arrest. Defendant had quit his job at the automotive business where he intends to work upon his release close to a year before his arrest. There is evidence that two vehicles purchased with illegal proceeds from the operations of the network were found at that proposed place of employment after the owner of the business disavowed any knowledge that the vehicles were located or could be found there. There is evidence that defendant

had traveled to locations in Mexico at the same times as other members of the charged conspiracy and members of a larger related drug conspiracy operating the Erie. Defendant seeks to be released into the same environment to work and reside under circumstances that are substantially similar to those that existed prior to defendant being charged and detained;

10. Even assuming defendant has rebutted the presumption, the record and congressional findings in combination show by clearing and convincing evidence that there is a danger that if released defendant will continue to engage in drug trafficking; the record also shows that the government has met its burden of proving by a preponderance of the evidence that defendant's release poses a risk of flight.

11. All of the factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detention; and

12. In light of defendant's background and the presumption/evidentiary finding set forth in § 3142(e), this Court concludes that there is no condition or set of conditions that, if imposed, would reasonably assure the safety of the community if defendant were to be released pending trial and that defendant's release poses a risk of flight.

Accordingly, IT IS ORDERED that [37] defendant's motion to revoke or amend order of detention be, and the same hereby is, **DENIED**. Defendant shall be detained pending trial in accordance with the February 10, 2015, detention order entered by Magistrate Judge Susan Paradise Baxter.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Marshall J. Piccinini, AUSA
Philip Freidman, Esquire

(*Via CM/ECF Electronic Filing*)